**IT IS ORDERED as set forth below:**

Date: **September 15, 2021**



_____
**Barbara Ellis-Monro
U.S. Bankruptcy Court Judge**

_____

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

| | |
|---|---|
| IN RE:<br><br>Shirley Lett,<br><br>    Debtor. | CASE NO. 10-61451-BEM<br><br>CHAPTER 7 |
| Shirley White-Lett,<br><br>    Plaintiff,<br><br>v.<br><br>The Bank of New York Mellon, Corp., BANK OF AMERICA, N.A., Federal National Mortgage Association a/k/a Fannie Mae, Federal Home Loan Mortgage Corp. a/k/a Freddie Mac, Mortgage Electronic Registration Systems Incorporated (MERS), RRA CP Opportunity Trust 1, Merscorp Holdings, Inc. d/b/a MERS, Shellpoint Mortgage Servicing, and The Bank of New York Mellon,<br><br>    Defendants. | ADVERSARY PROCEEDING NO. 20-6278-BEM |

## ORDER ON MERSCORP HOLDINGS, INC. AND MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.S' MOTION TO DISMISS

In this proceeding Plaintiff Shirley White-Lett challenges the enforceability of security deeds held by Defendant The Bank of New York Mellon ("BONYM") and Defendant RRA CP Opportunity Trust 1 ("RRA"), both of which obtained their asserted interests via assignments made by Defendants Merscorp Holdings, Inc. ("MERSCORP") and Mortgage Electronic Registration Systems, Inc. ("MERS") in 2013 and 2017, respectively. Plaintiff seeks a declaratory judgment against MERSCORP and MERS regarding their rights in the security deeds and authority to assign the security deeds.

Plaintiff filed an *Amended Rule 7001 and 3007(b) Adversary Proceeding* (the "Amended Complaint" or "AC") on January 4, 2021. [Doc. 9].[1] MERSCORP and MERS filed their *Motion to Dismiss Plaintiff's Amended Complaint* on February 11, 2021 (the "Motion to Dismiss" or "Motion") [Doc. 42]. In response, Plaintiff filed her *Cross Motion for Summary Judgment and Response to Motion to Dismiss of Merscorp Holding, Inc. and MERS* on February 21, 2021 (the "First Summary Judgment Motion"). [Doc. 59]. MERS and MERSCORP then filed their *Reply Supporting Their Motion to Dismiss Plaintiff's Amended Complaint* and their *Opposition to Plaintiff's Cross-Motion for Summary Judgment.* [Docs. 70, 77]. Plaintiff then filed a separate *Motion for Declaratory Judgment and/or for Summary Judgment on Her Claim Against Merscorp Holdings, Inc. and Mortgage Electronic Registration Systems, Inc.* (the "Second Summary Judgment Motion"). [Doc. 80]. MERS and MERSCORP filed a *Motion for Extension of Time to Respond to Plaintiff's Second Summary Judgment Motion* (the "Motion to Extend"). [Doc. 91]. Plaintiff then filed *Response and Cross-Motion for Consolidation of Pending Motions Regarding the Motion of Merscorp and MERS for Extension* (the "Consolidation Motion") in

---

[1] Unless otherwise specified, docket citations are to the docket entries in this adversary proceeding.

2

which Plaintiff seeks to have her various summary judgment motions against Defendants Bank of America, N.A., Bank of New York Mellon and MERS and MERSCORP determined together because, she argues, that the Court must determine whether the agency relationship between Aegis Wholesale Corporation ("AWC"), which was the original holder of the security deeds, and Defendants terminated prior to the 2013 and 2017 assignments. [Doc. 98]. MERS and MERSCORP filed their *Reply Supporting Motion for Extension of Time to Respond to Plaintiff's Second Summary Judgment Motion.* [Doc. 101]. By Order entered September 1, 2021 the Court granted the Motion to Extend. [Doc. 116]. Therefore, the Court has before it the following motions: (1) Defendants' Motion to Dismiss, which the Court determines should be granted; (2) Plaintiff's First Motion for Summary Judgment and Second Motion for Summary Judgment, which the Court determines should be denied as moot as a result of granting the Motion to Dismiss; and (3) the Consolidation Motion, which the Court determines should be denied as moot because the Court does not agree that a determination of Defendants' authority is necessary to adjudicate the Motion to Dismiss or the motions for summary judgment filed in response to the Motion.

In the Amended Complaint, Plaintiff seeks a declaratory judgment stating that MERS[2] does not have rights, title or interests in the security deeds associated with Plaintiff's residence located at 465 North Saint Mary's Lane, Marietta, Georgia 30064 (the "Property"); that MERS never validly assigned any rights in the security deeds; and that none of the other named defendants validly obtained any rights or interests in the security deeds from MERS. [AC, ¶ 91].

MERS argues in its Motion to Dismiss that Plaintiff's claim for declaratory relief should be dismissed because Plaintiff has failed to allege an ongoing controversy between MERS and Plaintiff. Although Plaintiff is seeking a declaratory judgment that MERS has no rights in the

---

[2] Plaintiff equates MERS and MERSCORP in the Amended Complaint. Unless otherwise specified, MERS refers solely to MERS.

3

security deeds, Plaintiff does not allege that MERS claims to have such rights or that it is otherwise seeking to enforce any security deed. Plaintiff's allegations and attachments to the Amended Complaint demonstrate that MERS transferred two security deeds to the parties currently seeking to enforce them. Both transfers were recorded. There may be an ongoing controversy between Plaintiff and the parties seeking to enforce the security deeds but there is not one between MERS and Plaintiff.

MERSCORP argues that claims against it should be dismissed because there is no ongoing controversy between it and Plaintiff. MERS argues that Plaintiff only added MERSCORP because it allegedly owns MERS. [Docs. 9 & 42]. Plaintiff does not allege that MERSCORP claims an interest in the Property.

I. **Applicable Legal Standard**

Federal Rule of Civil Procedure 12(b)(6) ("Rule 12(b)(6)"), made applicable to proceedings in bankruptcy court under Federal Rule of Bankruptcy Procedure ("F.R.B.P.") 7012, permits courts to dismiss plaintiffs' claims when they fail to state a claim upon which relief can be granted. *Wells Fargo Bank, N.A. v. Farmery (In re Farmery)*, No. 13-71735, AP 13-5450, 2014 Bankr. LEXIS 2865, at *2 (Bankr. N.D. Ga. 2014) (Diehl, J.).

To adequately state a claim for relief, plaintiffs must allege facts that, if taken as true, establish a facially plausible claim. *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949 (2009) (citation omitted). Claims are facially plausible if they allow the court to reasonably infer that the defendant is liable. *Id*. Speculative claims about the defendant's conduct or merely citing the elements of a claim is not enough. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556, 127 S. Ct. 1955, 1965 (2007); *Claros v. Taylor Lee & Assocs. LLC*, No. 1:18-cv-2204, 2018 U.S. Dist. LEXIS 224591, at *4-5 (N.D. Ga. Sep. 18, 2018).

4

When considering a motion to dismiss under Rule 12(b)(6), courts can typically only review the face of the complaint. Fed. R. Civ. P. 12(d); *Day v. Taylor*, 400 F.3d 1272, 1275-76 (11th Cir. 2005).  If courts consider matters outside the pleadings, the motion to dismiss is ordinarily treated as a motion for summary judgment. *Id*.  Under certain conditions, though, courts can consider additional material without turning the motion into a motion for summary judgment. A court may consider exhibits if they are attached to the complaint. Fed. R. Civ. P. 10(c); *see Thaeter v. Palm Beach Cty. Sheriff's Office*, 449 F.3d 1342, 1352 n.7 (11th Cir. 2006). If they are not attached to the complaint, the court may consider them if they are referenced in the complaint, they are central to the complaint, and no party questions whether they are authentic. *Day*, 400 F.3d at 1276.  Documents are central to the complaint when they are necessary to a plaintiff's claim. *Id*.

Although a plaintiff's *pro se* status entitles his or her complaint to be reviewed more liberally than an attorney's pleadings, a *pro se* party's pleadings must still satisfy the pleading requirements laid out in Rule 12(b)(6). *Beckwith v. Bellsouth Telecomms., Inc.*, 146 F. App'x 368, 371 (11th Cir. 2005) ("Although we construe them liberally, *pro se* complaints also must comply with the procedural rules that govern pleadings.").  The Court may not serve as *de facto* counsel or rewrite deficient pleadings to carry them past the motion to dismiss stage. *See Smith v. Ocwen Fin.*, 488 F. App'x 426, 427 (11th Cir. 2012) (citation omitted).

When evaluating a Rule 12(b)(6) motion, courts must take the facts alleged in the complaint as true and must construe those facts in a light most favorable to the plaintiff. *Resnick v. AvMed, Inc.*, 693 F.3d 1317, 1321-22 (11th Cir. 2012).

5

II.  **Facts Alleged in the Amended Complaint and Accompanying Attachments**

   a. **Facts Alleged**

On January 4, 2021, Plaintiff filed her Amended Complaint against MERS, MERSCORP, and others seeking a declaration that "MERS has no rights, title or interests in Plaintiff's security deed and did not validly assign any rights in the security [deed] and that no Defendant named herein validly obtained any rights or interests to the security [deed] from MERS." [AC, ¶ 91].

Plaintiff filed a Chapter 7 bankruptcy case in 2010, received her discharge in 2011, and moved to reopen her case in 2020. [Case No. 10-61451 ("Main Case"), Docs. 1, 23, 29]. After the case was reopened BONYM filed a proof of claim, asserting a secured claim based on a note and deed to secure debt on the Property (the "BONYM Deed"). [Main Case, Claim 1-1; AC, Ex. A]. RRA also asserts a right to enforce a security deed against the Property (the "RRA Deed" and with the BONYM Deed, the "Security Deeds")[3] [AC, Ex. J, K].

In 2005, Plaintiff refinanced the loan associated with the Property and executed an adjustable rate note in favor of AWC in the amount of $636,000. [AC, ¶ 115]. BONYM's proof of claim asserts that the note was secured by the BONYM Deed. [AC, Ex. A]. MERS as nominee for AWC purportedly executed an assignment of the BONYM Deed to BONYM, which was recorded on April 1, 2013. [AC, ¶ 57 & Ex A].

The RRA Deed was executed by Plaintiff to AWC in 2005 to secure a line of credit in the amount of $79,500 on the Property. [AC, ¶ 92 & Ex. J]. On May 17, 2017, MERS as nominee

---

[3] After the Amended Complaint was filed, Real Time Resolutions, Inc. as agent for RRA also filed a proof of claim, asserting a secured claim based on a note and deed to secure debt on the Property. [Main Case, Claim 2-1, amended by Claim 2-2].

for AWC executed an assignment that purported to transfer the RRA Deed to RRA. [AC, ¶ 93 & Ex. K].

AWC, the originating lender on the notes secured by both Security Deeds, filed for bankruptcy in 2007. [AC, ¶ 92]. Plaintiff alleges that when AWC filed its petition, the Security Deeds associated with the Property along with Plaintiff's loan and loan documents became property of the AWC bankruptcy estate. [AC, ¶ 58, ¶ 62]. Plaintiff alleges this because there is no record demonstrating that MERS or AWC assigned Plaintiff's loan or Security Deeds prior to AWC's bankruptcy filing or the order confirming AWC's chapter 11 liquidation plan.[4] [AC, ¶ 60, 94].

MERS appeared many times in AWC's bankruptcy case. [AC, ¶ 59]. The AWC bankruptcy record does not contain any motion seeking permission to purchase, sell, transfer, or manage any interest in the Property or Plaintiff's loan. [AC, ¶ 59]. Nor does the record contain anything granting MERS or anyone else authority to act as agent for AWC or the AWC bankruptcy. [AC, ¶ 59]. AWC was liquidated in bankruptcy. [AC, ¶ 92]. After liquidation, no successors or heirs existed for MERS to act on behalf of. [AC, ¶ 62].

b. **Accompanying Attachments**

Plaintiff attached the following documents to the Amended Complaint, which are relevant to the Motion to Dismiss:

Exhibit A: copy of BONYM's proof of claim, which includes a copy of an Adjustable Rate Note dated May 17, 2005 between Plaintiff and AWC in the amount of $636,000, a Security Deed dated May 17, 2005 between Plaintiff and MERS as nominee for AWC, and an Assignment of Security Deed dated April 1, 2013 between MERS as nominee for AWC and BONYM as

---

[4] The Amended Complaint does not allege the date of the confirmation order.

7

Trustee for the Certificateholders of CWALT, Inc., Alternative Loan Trust 2005-27, Mortgage Pass-Through Certificates Series 2005-27;

Exhibit H: copy of an Adjustable Rate Note dated May 17, 2005 between Plaintiff and AWC in the amount of $636,000;

Exhibit J: copy of a Deed to Secure Debt dated May 27, 2005 between Plaintiff and MERS as nominee for AWC, with the handwritten notation "Second Lien" securing a home equity credit line with a limit of $79,500, and stamped as recorded in Cobb County Georgia deed book 14159, page 3527; and

Exhibit K: copy of an Assignment of Security Deed dated May 25, 2017 between MERS as nominee for AWC and RRA and assigning the security deed recorded in Cobb County deed book 14159, page 3527.

### III. Legal Analysis

#### a. Plaintiff did not assert a § 544 claim against MERS and MERSCORP

In Plaintiff's First Motion for Summary Judgment, she argues that the Motion to Dismiss does not address her avoidance claim under 11 U.S.C. § 544(a)(3)[5] and that MERS is an indispensable party to that claim. [Doc. 59 at 6]. However, the Amended Complaint asserts the § 544 claim against BONYM, and not against MERS. [AC ¶ 95, 104, 114]. Although the § 544 claim includes allegations regarding MERS's interest in the Property [AC ¶ 101, 103, 105], those allegations in themselves do not assert a § 544 claim against MERS, nor are they sufficient to give MERS fair notice that it is the subject of a § 544 claim. *See Twombly*, 550 U.S. at 555, 127 S. Ct. at 1964 (citing Fed. R. Civ. P. 8(a)(2); *Conley v. Gibson*, 335 U.S. 41, 47, 78 S. Ct. 99, 103 (1986)) Rather, Plaintiff alleges that BONYM does not have an enforceable security interest in the Property

---

[5] Section 544(a)(3) authorizes the trustee to avoid any liens that a hypothetical bona fide purchaser of real property could avoid at the time of commencement of the case. 5 Collier on Bankruptcy ¶ 544.05 (16th ed. 2021).

and that she is entitled to a declaration of the same and an injunction prohibiting BONYM from seeking to enforce the BONYM Deed "along with all other defendants." The claim for declaratory judgment is not a § 544 claim indeed, in the Consolidation Motion, Plaintiff states that "Declaratory Judgment was the *only claim* asserted against MERS …." [Doc. 98 at 2 (emphasis added)]. Accordingly, to the extent Plaintiff sought to plead a claim under § 544 against MERS the AC does not contain allegations sufficient to state such a claim.

### b. Plaintiff has not presented a justiciable claim.

#### 1. Authority

Federal courts do not have the power to hear all cases that come before them. "Federal courts are courts of limited jurisdiction[,]" and may only hear those cases that the Constitution and statutes permit. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377, 114 S. Ct. 1673, 1675 (1994). As a federal court, the bankruptcy court is subject to these limitations and further jurisdictional limitations set forth in 28 U.S.C. § 1334[6].

Article III of the Constitution extends federal court jurisdiction to those claims that present "cases" or "controversies[.]" *Hein v. Freedom from Religion Found., Inc.*, 551 U.S. 587, 597-98, 127 S. Ct. 2553, 2562 (2007) (citation omitted). This limitation ensures that federal courts only hear those cases that are presented in an adversary context and have been historically viewed as capable of being resolved by federal courts. *United States v. Rivera*, 613 F.3d 1046, 1049-50 (11th Cir. 2010) (citing *Flast v. Cohen*, 392 U.S. 83, 95, 88 S. Ct. 1942, 1950 (1968)). Limiting federal court jurisdiction to these cases is fundamental to our system of government. *Hein*, 551 U.S. at 597-98, 127 S. Ct. at 2562 (quoting *Raines* v. *Byrd*, 521 U.S. 811, 818, 117 S. Ct. 2312

---

[6] *See Wade v. Homecomings Fin., LLC (In re Wade)*, Nos. 04-42349 JTL, 08-04002, 2008 Bankr. LEXIS 1299, at *4 (Bankr. M.D. Ga. Apr. 9, 2008) (citing *In re Cult Awareness Network*, 151 F.3d 605, 507 (7th Cir. 1998)) ("U.S. Const. Art. III, sec. 2, cl. 1…applies to Bankruptcy Courts because their jurisdiction is derived from the district courts, which are limited by the case or controversy requirement.").

9

(1997)) ("'No principle is more fundamental to the judiciary's proper role in our system of government than the constitutional limitation of federal-court jurisdiction to actual cases or controversies.'"). When issues brought before the court meet the "cases" and "controversies" requirement, the matter is said to be justiciable, a term of art. *Rivera*, 613 F.3d 1046 at 1049-50; (quoting Erwin Chemerinsky, Federal Jurisdiction § 2.1, at 45 (5th ed. 2007)) ("The justiciability doctrines define the judicial role[.]").

One requirement for claims to be justiciable, born out of Article III's "cases" and "controversies" requirement, is that claimants must present real, substantial, and ongoing controversies that touch legal relations of parties with adverse legal interests. *Id.* at 1049-50 (quoting *Aetna Life Ins. Co. of Hartford, Conn. v. Haworth*, 300 U.S. 227, 240-41, 57 S. Ct. 461, 464 (1937)); *see also Lewis v. Cont'l Bank Corp.*, 494 U.S. 472, 477-78, 110 S. Ct. 1249, 1253-54 (1990) ("Under Article III of the Constitution, federal courts may adjudicate only actual, ongoing cases or controversies."). These controversies must be definite and concrete. *Id.* Courts may not issue advisory opinions based on hypothetical facts. *Preiser v. Newkirk*, 422 U.S. 395, 401, 95 S. Ct. 2330, 2334 (1975) (citation omitted); *see also Lewis,* 494 U.S. at 477, 110 S. Ct. at 1253 (Article III confines federal courts "to resolving real and substantial controversies admitting of specific relief through a decree of a conclusive character, as distinguished from an opinion advising what the law would be upon a hypothetical state of facts.") (internal citations and quotations omitted). Courts may only settle disputes if their decisions would "'*affect[] the behavior of the defendant towards the plaintiff*.*'" Rhodes v. Stewart,* 488 U.S. 1, 4, 109 S. Ct. 202, 203 (1988) (*quoting Hewitt v. Helms,* 482 U.S. 755, 761, 107 S. Ct. 2672 (1987) (emphasis in original)); *see also Lewis,* 494 U.S. at 477, 110 S. Ct. at 1253 ("Article III denies federal courts the power to

decide questions that cannot affect the rights of litigants in the case before them[.]") (internal citations and quotations omitted).

Another requirement for claims to be justiciable, also born out of Article III's "cases" and "controversies" requirement, is that plaintiffs must demonstrate that they have standing to seek relief from the court. *Hein*, 551 U.S. at 597-98, 127 S. Ct. at 2562. "Perhaps the most important of the Article III doctrines grounded in the case or controversy requirement is that of standing." *A&M Gerber Chiropractic LLC v. Geico Gen. Ins. Co.*, 925 F.3d 1205, 1210 (11th Cir. 2019) (quoting, *Wooden v. Bd. Of Regents of eh univ. sys. Of Ga.,* 247 F.3d 1262, 1273 (11th Cir. 2001). To establish standing, plaintiffs must allege, among other things, that they suffered an injury-in-fact. *Id.* at 1210-11.

When plaintiffs are seeking declaratory relief, to meet the injury-in-fact requirement, they must allege facts that show a substantial likelihood of future injury. *Id*. (quoting *Strickland v. Alexander*, 772 F.3d 876, 883 (11th Cir. 2014) ("Where the plaintiff seeks declaratory or injunctive relief. . . the injury-in-fact requirement insists that a plaintiff allege facts from which it appears there is a substantial likelihood that he will suffer injury in the future."). Pointing to past injury is not sufficient to establish Article III standing for declaratory relief. *Id*. (quoting *Malowney v. Fed. Collection Deposit Grp.*, 193 F.3d 1342, 1348 (11th Cir. 1999)) ("Injury in the past . . . does not support a finding of an Article III case or controversy when the only relief sought is a declaratory judgment.").

Lastly, plaintiffs seeking declaratory relief must also allege facts sufficient to meet the requirements set forth in the Declaratory Judgment Act, 28 U.S.C. § 2201. *Emory v. Peeler,* 756 F.2d 1547, 1551-52 (11th Cir.1985). The Act, born out of the "cases" and "controversies" jurisdictional limitations of Article III, requires plaintiffs to present "actual

controvers[ies.]" *Malowney*, 193 F.3d at 1347 (citing *Emory,* 756 F.2d at 1551-52). The "actual controversy" requirement refers to the types of "cases" and "controversies" justiciable under Article III. *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 127, 127 S. Ct. 764 (2007) ("the phrase 'case of actual controversy' in the Act refers to the type of 'Cases' and 'Controversies' that are justiciable under Article III.") (citation omitted); *see also Malowney.*, 193 F.3d at 1347 (quoting *Emory,* 756 F.2d at 1551-52) ("[T]he continuing controversy may not be conjectural, hypothetical, or contingent; it must be real and immediate, and create a definite, rather than speculative threat of future injury."); *Colonial Pipeline Co. v. AIG Specialty Ins. Co.*, No. 1:19-cv-00762, 2020 U.S. Dist. LEXIS 90137, at *8-9 (N.D. Ga. May 22, 2020) ("the question in each case is whether the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.") (quotation marks and citation omitted).

### 2. Analysis

Plaintiff seeks a declaration that MERS does not have a right to enforce the Security Deeds associated with the Property, that MERS did not have the right to transfer the Security Deeds when it did, and that no one validly received the Security Deeds from MERS. However, Plaintiff has not alleged facts that demonstrate an ongoing controversy between her and MERS or that she and MERS have adverse legal interests. Plaintiff has not alleged any facts that would indicate that MERS still maintains or asserts any interest in the Security Deeds, and at no point does Plaintiff allege that MERS is seeking to enforce the Security Deeds or is arguing that it has a right to do so. As demonstrated by Exhibits A and K to the Amended Complaint, MERS transferred both Security Deeds years prior to the reopening of the Main Case or the filing of this proceeding. BONYM and RRA are currently seeking to enforce those Security Deeds; MERS is not. As a

result, the Court concludes that the AC does not present an ongoing controversy between Plaintiff and MERS or demonstrate that she and MERS have adverse legal interests. Rather, Plaintiff presented a hypothetical question about what the law would be had MERS been trying to enforce the Security Deeds. But such questions are not justiciable under Article III. *Lewis,* 494 U.S. at 477, 110 S. Ct. at 1253; *see also Rivera*, 613 F.3d at 1049-50; *Malowney*, 193 F.3d at 1347 (justiciability requires claimants to present substantial, ongoing controversies between themselves and parties with adverse legal interests).

Plaintiff has also failed to present a justiciable controversy between her and MERS about whether MERS validly transferred the Security Deeds to RRA or BONYM or whether BONYM or RRA validly received the Security Deeds from MERS. Under Article III, courts may only settle disputes when the court's decision would affect the defendant's legal duties to, or conduct towards, the plaintiff. *Rhodes,* 488 U.S. at 4, 109 S. Ct. at 203. MERS transferred the Security Deeds years prior to the reopening of the Main Case or the filing of this proceeding and the transferees are the parties seeking to enforce the Security Deeds. Even if the Court were to declare that the assignments by MERS were invalid or that the transferees improperly received the Security Deeds, MERS' legal obligations to, or conduct toward, Plaintiff would not change. Thus, Plaintiffs claims regarding the assignments and the receipt of the assignments does not present a case or controversy.

Importantly, even if the Court were to find that Plaintiff has alleged a justiciable controversy, Plaintiff does not have standing to seek the declaratory relief requested against Defendants because standing requires that Plaintiff allege facts that demonstrate that Defendants are threating future injury. *Malowney*, 193 F.3d at 1347; *A&M Gerber Chiropractic LLC*, 925 F.3d at 1211. Plaintiff fails to allege any facts that indicate a threat of future injury by MERS. Plaintiff's

13

allegations relating to MERS focus on past conduct and transfers from 8 and 4 years ago, respectively, and there is no basis for the Court to infer that MERS presents a threat of future injury to Plaintiff.

Regarding MERSCORP, regardless of whether Plaintiff wrongfully equated MERS and MERSCORP, there is no justiciable controversy between Plaintiff and MERSCORP for the same reasons there is not one between MERS and Plaintiff. MERSCORP being an owner of MERS does not change MERS' conduct. As a result, the Motion to Dismiss will be granted.

Because Plaintiff's claims against MERS and MERSCORP are being dismissed, Plaintiff's First Summary Judgment Motion, Plaintiff's Second Summary Judgment Motion, and Consolidation Motion, are moot as they all related to judgment on the same.

For the foregoing reasons, it is

ORDERED that the Motion to Dismiss [Doc. 42] is GRANTED; it is further

ORDERED that the First Summary Judgment Motion [Doc. 59], the Second Summary Judgment Motion [Doc. 80] and the Consolidation Motion [98] are DENIED as moot.

**END OF ORDER**

**Distribution List**

Shirley White-Lett
456 North Saint Marys Lane
Marietta, GA 30064

Chandler P. Thompson
Akerman LLP
Suite 725
170 South Main Street
Salt Lake City, UT 84101